IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

    SAFE WAY TRANSPORT, LLC            CASE NO. 23-00103-JAW

DEBTOR                                                                                       CHAPTER 7

## TRI-STATE TRUCK CENTER, INC.'S VERIFIED MOTION FOR CONTEMPT AND AWARD OF COSTS, FEES, AND PENALTIES

Creditor Tri-State Truck Center, Inc. d/b/a Tri-State Leasing ("TSL") respectfully requests that the Court enter an order (1) holding KH Enterprise LLC ("**KH Enterprise**") and Kenyascicus Sanders ("**Mr. Sanders**") (collectively, KH Enterprise and Mr. Sanders shall be referred to as the "**KH Parties**") in civil contempt of the Court's *Order Granting Tri-State Truck Center, Inc.'s Motion for Examination of KH Enterprise LLC and Production of Documents Pursuant to Rule 2004* (Doc. 47) ("**KH 2004 Order**") and the subpoena (Doc. 69) served on KH Enterprise to compel compliance with the KH 2004 Order; (2) requiring the KH Parties, jointly and severally, to pay TSL's costs and attorneys' fees incurred as a result of the KH Parties' contempt, including TSL's costs and attorneys' fees incurred in preparing and prosecuting this motion, within 30 days of entry of an order granting this motion; (3) imposing a $100 per diem fine on the KH Parties, jointly and severally, for each day they continue to fail to comply with the KH 2004 Order; and (4) compelling the KH Parties to fully comply with the KH 2004 Order by producing all responsive documents in KH Enterprise's possession, custody, or control and making KH Enterprise available for a deposition on a date certain.

## FACTUAL BACKGROUND

1. On March 22, 2023, TSL filed motions for the Rule 2004 examinations of the Debtor and KH Enterprise. (Docs. 42-43) ("**Rule 2004 Motions**"). Creditor Northpoint Commercial Finance, LLC ("**Northpoint**") joined in the Rule 2004 Motions. (Docs. 44-45).

04286836                                                           1

2. On March 22, 2023, the Court entered the KH 2004 Order (Doc. 47) and an *Order Granting Tri-State Truck Center, Inc.'s Motion for Examination of Debtor and Production of Documents Pursuant to Rule 2004* (Doc. 46). The Orders required the Debtor and KH Enterprise to produce the documents listed in Exhibit B to the Rule 2004 Motions within fourteen (14) days of entry of the Orders, or by April 5, 2023. The Orders further required the Debtor and KH Enterprise to make themselves available for depositions within twenty-four (24) days of entry of the Orders, or by April 15, 2023. Obviously, the purpose of requiring the documents to be produced in advance of the depositions was so that TSL's counsel would have the benefit of the documents in preparing for the depositions.[1] TSL issued and served KH Enterprise's registered agent, Tina Henry, with a subpoena attaching the 2004 Motion and Order and a check for mileage and witness fees, despite Ms. Henry's attempt to dodge service of process. (Doc. 69).[2]

3. On April 5, 2023, Bryant Guy, the Debtor's counsel, emailed TSL's counsel stating that the Debtor and KH Enterprise would make themselves available for deposition on April 12, 2023. Mr. Guy subsequently stated that Ms. Sanders would be the corporate representative for the Debtor and that Mr. Sanders would be the corporate representative for KH Enterprise. (**Ex. 1,**

---

[1] As explained in TSL's 2004 Motion for the examination of KH Enterprise (Doc. 43 ¶¶ 4-5), Safeway and KH Enterprise operate out of the same location (907 South State Street, Jackson, Mississippi), have the same registered agent (Tina Henry), operate the same line of business (truck hauling), and have common officers and directors (Ken and Kina Sanders). According to the Secretary of State's website and her deposition testimony, Kina Sanders ("**Ms. Sanders**") is the sole member of the Debtor. According to the Secretary of State's website, Ms. Sanders is a Manager/Member of KH Enterprise and Mr. Sanders – Kina's husband – is the Manager, Member, and President of KH Enterprise. During the Debtor's deposition, Ms. Sanders repeatedly stated that she was unable to answer questions regarding the topics listed in the 2004 Motion, but that her husband, Mr. Sanders, would know the answers. On information and belief, KH Enterprise is the alter ego and/or successor and/or mere continuation of the Debtor, and KH Enterprise, Ms. Sanders, and Mr. Sanders are the recipients of fraudulent transfers from the Debtor.

[2] A runner from the Brunini Law Firm saw Ms. Henry in the parking lot at 907 South State Street when serving the subpoena. Ms. Henry attempted to run into the office to avoid service of the subpoena and yelled expletives at Brunini's runner. This was the second attempt to serve KH Enterprise with the subpoena. During the first attempt, Mr. Sanders refused to accept service of the subpoena.

**Emails from B. Guy**).

4. Prior to April 12, 2023, the Debtor produced its 2021 tax returns and less than a year's worth of bank statements and no other documents.[3] **KH Enterprise has produced no documents in response to the KH Order**.

5. On April 12, 2023, TSL's counsel and Sean Guy, counsel for Northpoint, took the Debtor's 2004 Examination. Ms. Sanders was the Debtor's corporate representative and arrived thirty minutes late for the deposition. Ms. Sanders was unable to answer numerous questions within the scope of the examination topics listed in the 2004 Motion. Ms. Sanders indicated that her husband, Mr. Sanders, would know the answers to the questions she was unable to answer. Ms. Sanders admitted that numerous documents the Debtor was required – but failed – to produce existed, and promised to provide those documents following the deposition. Following the deposition, TSL's counsel conferred with the Debtor's counsel, and the Debtor's counsel promised to provide the missing documents by April 18, 2023 and to offer Mr. Sanders to testify on behalf of the Debtor regarding questions Ms. Sanders was unable to answer.

6. As noted previously, prior to April 12, 2023, the Debtor's counsel indicated that Mr. Sanders would be the corporate representative for KH Enterprise. On April 12, 2023, Mr. Sanders briefly appeared at the law offices of Brunini, Grantham, Grower & Hewes, PLLC, but left before the Debtor's examination ended, stating that he did not have time to sit for a deposition that day. He returned several hours later to pick up his wife, Ms. Sanders, but indicated he did not have time to sit for a deposition on behalf of KH Enterprise. Accordingly, KH Enterprise failed to make itself available for deposition within 24 days of the KH 2004 Order, as required by the KH

---

[3] TSL's counsel agreed to give the Debtor until April 18, 2023 to supplement its document production and provide deposition dates to resume the Debtor's deposition with Mr. Sanders answering the questions Ms. Sanders was unable to answer. TSL reserves the right to file a motion for contempt and/or to compel based on the Debtor's compliance with the 2004 Order directed to the Debtor.

04286836                                    3

2004 Order. For the first time on April 13, 2023, the Debtor's counsel indicated that he would not be representing KH Enterprise, and therefore, could not provide a date for KH Enterprise's deposition or make any promises as to when KH Enterprise would produce the documents it was required to produce by the KH 2004 Order. (**Ex. 2, Emails**).

7. Accordingly, KH Enterprise has failed to produce any of the documents required to be produced by the Court's 2004 Order, and KH Enterprise failed to make itself available for deposition on April 12 or at any time within 24 days of the Court's 2004 Order. Moreover, KH Enterprise has failed to provide an alternative date when it will make itself available for deposition. In sum, KH Enterprise has clearly violated the KH 2004 Order, done so willfully, and has expressed no intention of complying with the KH 2004 Order in the future. KH Enterprise has likewise completely ignored the subpoena served on it commanding it to comply with the KH 2004 Order.

## ARGUMENT

**A.     The Court Should Hold KH Enterprise in Contempt.**

8. A bankruptcy court may hold a person or entity in civil contempt for failing to comply with an order, such as an order issued pursuant to Bankruptcy Rule 2004. *See In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990); *In re Dieffenbacher*, 556 B.R. 79, 83 (Bankr. E.D.N.Y. 2016). Indeed, "[t]he authority to impose sanctions for contempt of an order is an inherent and well-settled power of all federal courts – including bankruptcy courts." *In re Brown*, 511 B.R. 843, 848–49 (Bankr. S.D. Tex. 2014) (citing *United States v. Fidanian*, 465 F.2d 755, 757 (5th Cir. 1972); *In re Bradley*, 588 F.3d 254, 266 (5th Cir. 2009); *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997)). Contempt is appropriate when (a) there was a court order in effect, (b) the order required specific conduct by the respondent, and (c) the respondent

failed to comply with the court order. *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). Moreover, "Rule 45(g) permits a court to hold a *person* (not just a party) who, having been served with a subpoena, fails to obey it without adequate excuse or fails to obey an order related to the subpoena." *In re Correra*, 589 B.R. 76, 123–24 (Bankr. N.D. Tex. 2018) (emphasis in original).

9. Civil contempt sanctions may be imposed both to coerce a party into compliance with the Court's order and to compensate the complainant for losses sustained, including reasonable costs and attorneys' fees. *See Local 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986). Thus, in a contempt proceeding, the Court has the discretion to award costs and attorneys' fees to compensate the party forced to file a motion to compel compliance with the Court's orders. *See In re Norrie*, 2016 WL 6407839, at *7 (B.A.P. 9th Cir. Oct. 26, 2016). Civil contempt sanctions may be imposed upon notice and an opportunity to be heard. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (civil contempt sanctions may be imposed to coerce compliance and to compensate the other side for losses sustained as a result of the contempt).

10. There is no question that KH Enterprise is in civil contempt of the KH 2004 Order and the subpoena served on KH Enterprise requiring it to comply with the KH 2004 Order. Although the KH 2004 Order required KH Enterprise to produce documents by April 5, KH Enterprise has produced no documents to date. Moreover, despite counsel representing that KH Enterprise would make itself available for a deposition on April 12, KH Enterprise's corporate representative, Mr. Sanders, only briefly showed up on April 12 to state that he did not have time to sit for a deposition. Following the Debtor's deposition, when TSL's counsel, in an attempt to avoid having to file this motion, emailed Bryant Guy, the Debtor's counsel and the person holding

himself out as KH Enterprise's counsel, about KH Enterprise's document production and deposition availability, Mr. Guy for the first time stated that he did not represent KH Enterprise and thus was unable to commit KH Enterprise to produce the documents it was required to produce or to make itself available for a deposition following April 12. As such, TSL has no reason to believe that KH Enterprise has any intention of complying with the KH 2004 Order or the subpoena served on it to compel compliance with the KH 2004 Order.

**B.     The Court Should Hold Mr. Sanders in Contempt in his Individual Capacity.**

11.    In *Wilson v. United States*, 221 U.S. 361, 376 (1911), the Supreme Court held that individuals may be punished for contempt for failing to cause an entity to comply with a court order:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

12.    The Supreme Court's holding in *Wilson* has since been followed by numerous courts as the majority rule in the United States. *See Greater St. Louis Construction Laborers Welfare Fund v. Hance Excavating*, LLC, 2008 WL 544718 (E.D. Mo. 2008) (ordering the organizer of an LLC to show cause why he and the LLC should not be held in contempt for the LLC's failure to comply with an order to provide post-default discovery of the LLC's financial information); *Powell v. Collier Constr. LLC K A*, 2008 WL 11513012, at *3 (W.D. La. Dec. 4, 2008) (holding LLC members in contempt of order directed to LLC since a contrary rule would insulate those in control of the LLC from sanctions for causing the organization not to abide by a court order); *Cent. States, Se. & Sw. Areas Health & Welfare & Pension Funds v. Transcon Lines*, 1995 WL 472705, at *8 (N.D. Ill. Aug. 8, 1995) (corporate officer may be held in contempt for

causing corporation's failure to comply with court order); *Total Quality Logistics, LLC v. TW Transp. Sols., LLC*, 2012 WL 2045948, at *3-4 (S.D. Ohio June 6, 2012) (ordering the corporate officer to appear for a show-cause hearing as a result of corporation's failure to comply with court order); *American Airlines, Inc. v. Allied Pilots Ass'n*, 53 F. Supp. 2d 909, 941 (N.D. Tex. 1999) (imposing contempt sanctions against officers of an unincorporated association for failure to cause the organization to comply with court order); *Connolly v. J.T. Ventures*, 851 F.2d 930, 935 (7th Cir. 1988) ("a command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt"); *N.L.R.B. v. Maine Caterers, Inc.*, 732 F.2d 689, 691 (1st Cir. 1984) ("[A]n officer, responsible for the corporation's affairs and for its disobedience, may be held liable for contempt."); *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 2022 WL 1301772, at *6 (E.D. Ky. Mar. 23, 2022) (holding LLC members in contempt for LLC's violation of discovery orders and since "[a] rule which would allow a corporate officer to remain deliberately ignorant of the particulars of a court order, and thereby avoid a contempt citation, would defy common sense."); *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003) ("Pipia, as an officer of the corporation and the one responsible for the corporation's affairs, was subject to the court's order just as the corporation itself was. Because Pipia either prevented compliance or failed to take appropriate action within his power for the performance of the corporate duty, the district court had the authority to hold Pipia in contempt.").

13. According to the Secretary of State's website, Mr. Sanders is KH Enterprise's Manager, Member, and President. Moreover, Mr. Guy stated that Mr. Sanders would be testifying on behalf of KH Enterprise, and Mr. Sanders briefly appeared on April 12 only to state that he did not have time to sit for a deposition. As such, Mr. Sanders bears responsibility for KH Enterprise's compliance with the Court's orders and lawfully issued subpoenas and is the reason KH Enterprise has failed to comply with the KH 2004 Order and subpoena. Therefore, in addition to KH Enterprise, the Court should hold Mr. Sanders in contempt in his individual capacity.

C. **Relief Requested**

14. TSL should not be forced to bear additional costs and attorneys' fees just because the KH Parties refuse to comply with the Court's orders and lawful subpoenas. Moreover, it is clear that the KH Parties have no intention of complying with the Court's orders and valid subpoenas absent sanctions designed to encourage compliance. Accordingly, TSL respectfully requests that the Court enter an order (1) holding the KH Parties in civil contempt of the KH 2004 Order and the subpoena served on KH Enterprise; (2) requiring the KH Parties, jointly and severally, to pay TSL's costs and attorneys' fees incurred as a result of the KH Parties' contempt, including TSL's costs and attorneys' fees incurred in preparing and prosecuting this motion, within 30 days of entry of an order granting this motion; (3) imposing a $100 per diem fine on the KH Parties, jointly and severally, for each day they continue to fail to comply with the KH 2004 Order and the subpoena; and (4) compelling the KH Parties to fully comply with the KH 2004 Order by producing all responsive documents in KH Enterprise's possession, custody, or control and making KH Enterprise available for a deposition on a date certain.

**WHEREFORE, PREMISES CONSIDERED**, TSL respectfully requests that the Court enter an order (1) holding the KH Parties in civil contempt of the KH 2004 Order and the subpoena

served on KH Enterprise; (2) requiring the KH Parties, jointly and severally, to pay TSL's costs and attorneys' fees incurred as a result of the KH Parties' contempt, including TSL's costs and attorneys' fees incurred in preparing and prosecuting this motion, within 30 days of entry of an order granting this motion; (3) imposing a $100 per diem fine on the KH Parties, jointly and severally, for each day they continue to fail to comply with the KH 2004 Order and the subpoena, with said fine payable to TSL; and (4) compelling the KH Parties to fully comply with the KH 2004 Order by producing all responsive documents in KH Enterprise's possession, custody, or control and making KH Enterprise available for a deposition on a date certain. TSL requests such other relief as the Court deems appropriate.

Dated: April 18, 2023.

Respectfully submitted,

**TRI-STATE TRUK CENTER, INC. D/B/A TRI-STATE LEASING**

By: */s/ William D. Drinkwater*
       Of Counsel

OF COUNSEL:

James A. McCullough, III (MSB # 10175)
jmccullough@brunini.com
William D. Drinkwater (MSB # 103913)
wdrinkwater@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

04286836                                                         9

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused to be filed a true and correct copy of the foregoing with the Clerk of the Court using the Court's electronic filing system, which caused notice of such filing to be delivered electronically to all counsel of record. I additionally certify that I have this day caused a copy of the above and foregoing to be served on the following by United States Mail, postage prepaid:

Safe Way Transport, LLC
c/o Kina Sanders
907 S. State Street
Jackson, MS 39201

Bryant D. Guy
P.O. Box 10173
Jackson, MS 39286

Stephen Smith
1052 Highland Colony Parkway, Suite 100
Ridgeland, MS 39157

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

Dated: April 18, 2023.

By: */s/ William D. Drinkwater*

## **VERIFICATION**

STATE OF MISSISSIPPI

COUNTY OF HINDS

    Personally appeared before me, the undersigned authority in and for the said County and State, William D. Drinkwater, who being first duly sworn on oath states that the facts set forth in the foregoing *Verified Motion for Contempt and Award of Costs, Fees, and Penalties* are true and correct to the best of his knowledge, information, and belief.

                                                   William D. Drinkwater

SWORN TO AND SUBSCRIBED before me, this the 18th day of April, 2023.

                                                   NOTARY PUBLIC

My Commission Expires:

2-11-27

*[Notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 84162 MARY KATHERINE COOPER Commission Expires Feb. 11, 2027 MADISON COUNTY]*